The Chief Justice delivered the opinion of the court.
The reason assigned for the reversal of the judgment in this case is, that one of the items of the account of Mercereau, exhibited by way of set off and for which he obtained judgment, is for a specified sum, “a balance due on settlement of book account, November 5th, 1824;” and that on the trial in the Court of Common Pleas, Mercereau gave no evidence of a settlement of book account, or of a balance due him on such settlement.
In M'Henry v. Forsyth, Penn. 1002, this court decided that such a charge in an account or state of demand is sufficiently specific; to support it, however, proof of an actual settlement must be made.
■From the affidavits read before us it appears, that on the trial Mercereau produced in evidence his book of accounts, and examined three witnesses, one of whom, Adam Smith, proved his book and nothing more. The other witnesses Charles Francis and Samuel Cain, so far from proving a settlement, testified they were present at an attempt between the parties to settle their book accounts, but that no settle- *337 meat was made. And it appears that Mercereau did not offer or endeavor to prove any other settlement than that attempted to he made in the presence of Francis and Cain.
It was said, the books of Mercereau are not brought here, and there may have been in them an entry of a settle-*271] ment. But if *there be, a mere entry made by a man on his book of a settlement with another, is not, as against the other, legal evidence of such settlement.
It was correctly stated by the counsel of the defendant in certiorari, that this court will not weigh the evidence given in the court below, nor enquire whether that court decided rightly upon controverted matters of fact. But that rule does not apply on the present occasion. Evidence of a particular character was required to support the demand as stated. No such evidence was produced. The judgment was founded on evidence of a different nature. The question here is, whether tho facts as proved, Avere sufficient in law to support the demand. We are of opinion they Avere not, and the judgment should therefore be reversed.
Some objections were raised on the argument to the manner in which the case is brought before us, being by the affidavits of persons who were examined as witnesses in the court below. In this respect we find nothing illegal. No state of the case having been made, the affidavits were taken, under a rule of this court, of two of the witnesses called by Mercereau in the Court of Common Pleas, who relate what évidence Avas produced there.
Let the judgment be reversed.